UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-00321-SGC |
| ) | |
| BELK, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**[1]

Beverly Young initiated this matter by filing a complaint in Jefferson County Circuit Court, naming Belk, Inc., as the sole defendant. (Doc. 1-1 at 3-8, 17).[2] Belk timely removed to this court on the basis of federal diversity jurisdiction. (Doc. 1). Presently pending is Young's motion to remand, contending the amount in controversy is not satisfied. (Doc. 7). Belk has responded, and the motion is ripe for adjudication. (Doc. 10). As explained below, the motion to remand will be denied.

**I.   BACKGROUND**

On September 13, 2022, Young slipped and fell while descending stairs at the

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 8).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

Belk store located in The Summit shopping center. (Doc. 1-1 at 4). The complaint alleges the fall injured Young's left shoulder, aggravated pre-existing conditions, and left her "permanently injured, disfigured and damaged." (*Id*. at 5). Young asserts claims for negligence, wantonness, and negligent supervision and seeks an unspecified amount of compensatory and punitive damages. (*Id*. at 3-7). Young's list of damages includes past and future medical expenses. (*Id*. at 5).

Attached to the notice of removal are copies of a pre-suit settlement demand Young's counsel sent to Belk's insurer. (Doc. 1-3). As part of the policy-limits demand, counsel stated Young had undergone multiple surgeries and incurred over $300,000 in medical expenses. (*Id.* at 3). Belk states—and Young has not disputed—that the applicable policy limit is $1,000,000. (Doc. 10 at 2).

## II.   DISCUSSION

A defendant may remove an action from state court to federal district court if the district court would have had original subject matter jurisdiction. 28 U.S.C. § 1441(a); *see also PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1304-05 (11th Cir. 2016). Diversity jurisdiction exists where an action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

Because federal courts possess limited jurisdiction, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction,

2

uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party bears the burden of demonstrating the existence of original federal subject matter jurisdiction, including proving the amount in controversy exceeds the jurisdictional minimum. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Where a complaint does not demand a specific amount of damages, a notice of removal based on diversity must plausibly allege—not conclusively prove—the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 89 (2014). If a defendant alleges the requisite amount in controversy, the allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. However, if the plaintiff contests the defendant's allegation "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. Obviously, the preponderance of the evidence standard does not require a removing defendant "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Satisfaction of the amount in controversy requirement may be apparent on the face of a complaint, even if it does not include an *ad damnum* clause. *Pretka*, 608

3

F.3d at 754 (quoting *Williams*, 269 F.3d at 1319).  A court may use its reasoning and common sense in assessing whether the face of a complaint establishes the minimum jurisdictional amount.  As explained by the Eleventh Circuit:

> Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citations and punctuation omitted).  If not facially apparent from the complaint, a court should look to the notice of removal and other evidence to determine whether the amount in controversy exceeds the jurisdictional threshold.  *Pretka*, 608 F.3d at 755.  Settlement demands are among the evidence courts can consider when evaluating the amount in controversy.  *See Burns*, 31 F.3d at 1097.

      Here, Young's *pro forma* motion to remand concerns the amount in controversy.[3]  Young does not discuss any specific, supposed deficiency in this regard, instead: (1) citing case law for the general proposition that Belk bears the burden of showing federal jurisdiction; and (2) generally alleging that Belk's

---

[3] Young does not challenge the notice of removal's allegations of complete diversity.  Young is a citizen of Alabama.  (Doc. 1-1 at 4).  Belk is a citizen of Delaware (where it is incorporated) and North Carolina (where it maintains its principal place of business).  (Doc. 1 at 5-6).

4

allegations regarding the amount in controversy are ambiguous.  (Doc. 7).

As an initial matter, although the complaint does not include an *ad damnum* clause, the notice of removal plausibly alleges an amount in controversy in excess of $75,000.  Indeed, the defendant's notice references the complaint in which Young asserts she was left with permanent injuries and disfigurement, has incurred medical expenses, and will incur more in the future.  On these allegations, the complaint seeks both compensatory and punitive damages.  Relying on experience and common sense, Young's assertions and request for punitive damages credibly allege the amount in controversy exceeds $75,000.

Any doubt concerning the amount in controversy is erased by Young's pre-suit settlement demand.  While not determinative, a settlement demand "counts for something."  *Burns*, 31 F.3d 1092.  Where settlement offers reflect only puffery and posturing, they are given little weight.  *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  But more weight is given where a settlement demand provides "specific information to support the plaintiff's claim for damages, suggest[ing] the plaintiff is offering a reasonable assessment of the value of his claim." *Id.* (quoting *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)) (alterations incorporated; quotation marks omitted).  Here, Young's policy limits demand included statements that she had undergone multiple surgeries and incurred over $300,000 in medical expenses.  This

5

demand easily satisfies the preponderance of the evidence standard. *See Williams v. Walgreen Co*., No. 16-01704-SGC, 2018 WL 1697388, at *1-2 (N.D. Ala. Apr. 6, 2018) (settlement demand of $200,000 sufficient to establish the amount in controversy by a preponderance); *Reeves v. Waffle House*, No. 220356, 2022 WL 4391498 *2 (M.D. Ala. Sept. 22, 2022) (settlement talks including exchange of over $137,082.25 in medical expenses established the requisite amount in controversy by a preponderance).

### III.   CONCLUSION

For all of the foregoing reasons, Young's motion to remand is **DENIED**. (Doc. 7).  The parties are **ORDERED** to file a report of their Rule 26(f) planning meeting within 14 calendar days.

**DONE** this 10th day of February, 2026.

/s/ Staci G. Cornelius
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE